**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

The State, Respondent,

v.

Anthony M. Enriquez, Appellant.

Appellate Case No. 2016-002237

―――――――――――――

Appeal From Charleston County
Carmen T. Mullen, Circuit Court Judge

―――――――――――――

Unpublished Opinion No. 2019-UP-295
Heard April 2, 2019 – Filed August 21, 2019

―――――――――――――

**AFFIRMED**

―――――――――――――

Appellate Defender Lara Mary Caudy, of Columbia, for
Appellant.

Attorney General Alan McCrory Wilson, Deputy
Attorney General Donald J. Zelenka, Senior Assistant
Deputy Attorney General Melody Jane Brown, and
Assistant Attorney General Sherrie Butterbaugh, all of
Columbia; and Solicitor Scarlett Anne Wilson, of
Charleston, all for Respondent.

―――――――――――――

**PER CURIAM:**  In this criminal matter, Anthony M. Enriquez appeals the circuit court's denial of his pro se motion to reconsider his sentence pursuant to *Aiken v. Byars*.[1]  On appeal, Enriquez argues his mandatory sentence of life imprisonment *with* the possibility of parole violates the Eighth Amendment's prohibition of cruel and unusual punishments because he was a juvenile offender.  Specifically, Enriquez contends he is entitled to resentencing pursuant to *Byars* because the mandatory sentencing scheme for murder and the South Carolina parole system do not require the consideration of mitigating factors of youth.  We affirm.

When considering whether a sentence violates the Eighth Amendment's prohibition on cruel and unusual punishments, the appellate court's standard of review extends only to the correction of errors of law.  *See State v. Perez*, 423 S.C. 491, 496, 816 S.E.2d 550, 553 (2018).  Therefore, this court will not disturb the circuit court's findings absent a manifest abuse of discretion.  *Id.*  An abuse of discretion occurs when the circuit court's finding is based on an error of law or grounded in factual conclusions without evidentiary support.  *Id.* at 496–97, 816 S.E.2d at 553; *State v. Johnson*, 413 S.C. 458, 466, 776 S.E.2d 367, 371 (2015).

The Eighth Amendment to the United States Constitution mandates: "Excessive bail shall not be required, nor excessive fines imposed, *nor cruel and unusual punishments inflicted*."  U.S. Const. amend. VIII (emphasis added).  In this vein, sentences that are grossly out of proportion to the severity of the crime are unconstitutional.  *Graham v. Florida*, 560 U.S. 48, 59–60 (2010).  Applying this principle to juvenile offenders, the United States Supreme Court has incrementally established parameters to ensure proportional juvenile sentences.  *See Roper v. Simmons*, 543 U.S. 551, 568–75 (2005) (holding the death penalty was a disproportionate punishment for an offender who was under the age of eighteen at the time of the crime because developmental differences between juveniles and adults resulted in diminished culpability); *Graham*, 560 U.S. at 59, 74 (holding the Eighth Amendment prohibited the imposition of an LWOP sentence on a juvenile offender for a nonhomicide crime); *Miller v. Alabama*, 567 U.S. 460, 479–80 (2012) (holding mandatory LWOP sentences for juvenile offenders violate the Eighth Amendment and requiring a sentencing court issuing an LWOP sentence for homicide to a juvenile offender to conduct an individualized hearing in which it

---

[1] 410 S.C. 534, 545, 765 S.E.2d 572, 578 (2014) (holding a juvenile offender serving a life sentence without the possibility for parole (LWOP) could file a motion for resentencing when the sentencing court issued the sentence without considering various mitigating factors of the offender's youth).

considers various factors, such as the offender's age and maturity and the circumstances surrounding the homicide offense).

We find the circuit court did not err in denying Enriquez's motion for resentencing. Although Enriquez received a mandatory life sentence for murder as a juvenile offender, the circuit court's sentence afforded Enriquez parole eligibility after the service of twenty years' imprisonment.[2] *See* S.C. Code Ann. § 16-3-20(A) (Supp. 1993) (providing that a person who is convicted of or pleads guilty to murder must be sentenced to (1) death or (2) life imprisonment with the possibility of parole after twenty years' imprisonment).  This sentence differs significantly from those at issue in *Graham*, *Miller*, and *Byars* in which the juvenile offenders received sentences of life imprisonment *without* the possibility for parole.  *See Graham*, 560 U.S. at 82 ("The Constitution prohibits the imposition of a life *without parole* sentence on a juvenile offender who did not commit homicide." (emphasis added)); *Miller*, 567 U.S. at 479 ("We therefore hold that the Eighth Amendment forbids a sentencing scheme that mandates life in prison *without possibility of parole* for juvenile offenders." (emphasis added)); *Byars*, 410 S.C. at 545, 765 S.E.2d at 578 ("We hold the principles enunciated in *Miller* . . . apply . . . to all juvenile offenders who may be subject to a sentence of life imprisonment *without the possibility of parole*." (emphasis added)).  Enriquez attempts to expand the protections established in our precedent to apply to juvenile sentences of life imprisonment *with* the possibility of parole.  However, as our supreme court recently noted in *State v. Slocumb*, this court's ability to provide relief in cases such as this is limited by the parameters set forth by the United States Supreme Court.  *See* 426 S.C. 297, 306, 314–15, 827 S.E.2d 148, 152–53, 157 (2019) (noting this court's review is confined by the parameters established by the United States Supreme Court and therefore declining to extend the holdings of *Graham* and *Miller* to include de facto LWOP sentences imposed upon juvenile offenders).  Therefore, we find Enriquez is not a member of the class of offenders contemplated by our precedent as he did not receive an LWOP sentence.  *See State v. Finley*, Op. No. 5665 (S.C. Ct. App. filed July 17, 2019) (Shearouse Adv. Sh. No. 29 at 27–35) (holding life sentences *with* the possibility of parole imposed upon juvenile offenders do not violate the Eighth Amendment); *id.* (holding juvenile offenders sentenced to life imprisonment *with* the possibility of parole are not entitled to resentencing pursuant to *Byars*).

**CONCLUSION**

---

[2] Enriquez became eligible for parole on January 23, 2014.

Based on the foregoing, the circuit court's order is

**AFFIRMED.**

**WILLIAMS, GEATHERS, and HILL, JJ., concur.**